KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
KELLY C. BOWERS (Cal. Bar No. 164007)
Email: bowersk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine E. Zoladz, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN LAM; NINESQUARE CAPITAL PARTNERS LLC; NATHAN NHAN NGUYEN; and NGUYEN GROUP LLC,<br><br>Defendants,<br><br>and<br><br>YI PING LU; and THY STACY NGUYEN<br><br>Relief Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff United States Securities and Exchange Commission ("SEC") alleges:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a)], Sections 21(d)(1), 21(d)(3)(A), 21(e), and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a)], and Sections 209(d), 209(e), and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d) & 80b-9(e), 80b-14].

2. Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this complaint.

3. Venue is proper in this district pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14], because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district and because Defendants Brian Lam ("Lam") and Nathan Nhan Nguyen ("Nguyen") and Relief Defendants Yi Ping Lu ("Lu") and Thy Stacy Nguyen ("Thy Nguyen") each resides in this district and Defendants NineSquare Capital Partners LLC ("NineSquare Capital") and Nguyen Group LLC ("NGL") each has its principal place of business in this district.

## SUMMARY

4. This is a civil enforcement action concerning an offering fraud that raised at least $11.7 million through the unregistered offer and sale of securities from March 2020 to January 2022. Defendant Lam orchestrated the fraudulent scheme through an entity he controlled, NineSquare Capital, and he targeted the Vietnamese-American community.

1

5. Lam and NineSquare Capital told investors that Lam pooled investors' money and used it to day-trade securities. On a monthly basis, Lam and NineSquare Capital also told investors that their day-trading was profitable, reporting monthly returns ranging from 1.24% to 100%. In reality, Lam and NineSquare Capital used less than 60% of the investors' money to trade securities, and that trading resulted in an almost total loss. As to the rest of the investors' money, Lam and NineSquare Capital misused or misappropriated those funds to benefit themselves and make Ponzi-like payments to some investors. As a result of their conduct, Lam and NineSquare Capital violated the antifraud provisions of the Securities Act, the Exchange Act, and the Advisers Act, as well as the securities offering registration provisions of the Securities Act.

6. Nguyen and his company NGL solicited most of the investors for this offering through Nguyen's monthly "Money Smarts" classes. In exchange for these efforts, Nguyen's investment account was credited with 5% of each new investment and a portion of Lam and NineSquare Capital's purported trading profits. Nguyen ultimately redeemed over $2 million of his investment that was allegedly in this account. As a result of this conduct, Nguyen and NGL violated the securities offering registration provisions of the Securities Act and the broker-dealer registration provisions of the Exchange Act.

7. Relief Defendant Lu, who is Lam's wife, and Relief Defendant Thy Nguyen, who is Nguyen's wife, each received proceeds from the fraud to which they were not entitled. Lu used the funds to partially fund the purchase of a luxury home that was titled solely in her name. Similarly, Thy Nguyen used the funds to partially fund the purchase of a luxury home titled solely in her name. Neither Lu nor Thy Nguyen put their husband on the title of either home.

8. The SEC seeks permanent injunctions against each Defendant's future violations of the securities laws; permanent injunctions prohibiting Defendants Lam and Nguyen from participating in an unregistered securities offering; disgorgement

with prejudgment interest from the Defendants and the Relief Defendants; and civil monetary penalties against Defendants.

## DEFENDANTS

9. **Brian Lam ("Lam")**, age 41, is a resident of Los Angeles, California. Lam is the sole owner and principal of NineSquare Capital.

10. On June 16, 2022, United States District Court Judge Otis D. Wright II ordered Lam to produce all documents responsive to the SEC's June 3, 2022 subpoena to the SEC staff on or before June 30, 2022 and to appear for testimony before the SEC staff on July 14, 2022. *Securities and Exchange Commission v. Brian Lam et al.,* Case No. 2:22-mc-00088 (June 16, 2022) (the "Subpoena Enforcement Action"). Lam did appear for testimony, but not until July 22, 2022, and did not produce any documents.

11. **NineSquare Capital Partners LLC ("NineSquare Capital")** is a California limited liability company formed in December 2015, with its principal places of business in Pasadena and Los Angeles, California. NineSquare Capital's sole owner and principal is Lam. In 2017, NineSquare Capital made Form ADV filings with the Commission claiming Exempt Reporting Adviser status.

12. In the Subpoena Enforcement Action, NineSquare Capital was also ordered to produce all documents responsive to the SEC's June 3, 2022 subpoena to the SEC staff on or before June 30, 2022. NineSquare Capital did not produce any documents.

13. **Nathan Nhan Nguyen ("Nguyen")**, age 36, is a resident of Anaheim, California. Nguyen is a principal of NGL.

14. **Nguyen Group LLC ("NGL")** was a California limited liability company from December 2019 to February 2022, when its status with the California Secretary of State was revoked. Its principal place of business is in Orange, California. NGL does business under various names including "Money Smarts." NGL is controlled by Nguyen.

3

**RELIEF DEFENDANTS**

15. **Yi Ping Lu ("Lu")**, age 44, is a resident of Los Angeles, California, and is married to Lam.

16. **Thy Stacy Nguyen ("Thy Nguyen")**, age 32, is a resident of Anaheim, California, and is married to Nguyen.

**RELATED PARTIES**

17. **MSI Series 1 LLC ("MSI")** is a division or series of **Money Smarts Investment LLC**, which is itself a Delaware series limited liability company formed by Lam in April 2020.

18. **NineSquare Investment LP ("NineSquare Investment")** is a Delaware limited partnership formed in June 2021. NineSquare Investment is controlled by Lam. According to NineSquare Capital's website, NineSquare Investment was a hedge fund managed by NineSquare Capital.

19. In the Subpoena Enforcement Action, NineSquare Investment was also ordered to produce all documents responsive to the SEC's June 3, 2022 subpoena to the SEC staff on or before June 30, 2022. NineSquare Investment did not produce any documents.

**FACTS**

**A.    The Defendants' MSI Investment Offering**

20. From March 2020 to at least January 2022, Defendants Lam, NineSquare Capital, Nguyen, and NGL offered and sold investment interests in MSI, raising $11.7 million from 73 investors nationwide.

21. Almost all of the MSI investors are members of the Vietnamese-American community and/or affiliated with nail salon businesses.

22. Many MSI investors made multiple investments over time.

23. Lam had the MSI offering documents prepared.

24. The MSI offering documents state that: (1) MSI was an investment fund managed exclusively by NineSquare Capital; (2) NineSquare Capital would use all of

4

the MSI investors' money (less a reserve for fund expenses) to purchase securities issued by NineSquare Investment; (3) money distributed to MSI investors would consist principally of net cash proceeds realized on MSI's investments; and (4) NineSquare Capital would receive up to a 50% share of MSI's investment profits.

25. The MSI offering documents also asked for the investor to self-affirm as an accredited investor.

26. Neither Lam nor Nguyen took any effort to determine whether the MSI investors were in fact accredited investors.

27. Lam and NineSquare Capital provided the MSI offering documents to Nguyen and NGL, who then provided them to MSI investors.

28. Nguyen and NGL raised the vast majority of money invested in the MSI offering.

29. Nguyen and NGL principally solicited investors for the MSI offering through monthly "Money Smarts" classes that Nguyen organized, sponsored, and presented on his personal website. Nguyen's website stated that the Money Smarts classes provided "the knowledge and skills trading you need to make the money you want, save the money you need, and invest the money you have strategically so you can achieve financial freedom and retire early."

30. At the Money Smarts classes from March 2020 to at least October 2022, Lam and Nguyen told the attendees that Lam and NineSquare Capital pooled the investors' money and used the pooled money to day-trade securities for the MSI investors.

31. The MSI investment interests offered and sold by Lam, NineSquare Capital, Nguyen, and NGL were securities in the form of investment contracts.

32. Lam, NineSquare Capital, Nguyen, and NGL's offering of the MSI investment interests was not registered with the Commission.

**B.     The Defendants' Reporting to the MSI Investors**

33. Lam and Nguyen provided reports to MSI investors on how their

5

investments were performing through two means.

34. First, at the monthly Money Smarts classes from April 2020 through at least October 2021, Lam and Nguyen told the MSI investors that the return on their investment came from Lam and NineSquare Capital's purportedly profitable trading for MSI.

35. Second, for the months from at least November 2020 through October 2021, Lam and Nguyen also provided MSI investors with individual monthly account statements.

36. These monthly account statements reported each investor's purported monthly beginning balance, trading profits, any new investments or redemptions, ending balance, and percentage gain in the account. The statements were saved in the cloud where each MSI investor could access his or her statements.

37. The monthly statements provided to MSI investors were prepared by Nguyen's wife, Thy Nguyen, based on information provided by Lam on his purported trading results for MSI.

38. On a weekly or monthly basis for the period from mid-August 2020 through October 2021, Lam and NineSquare Capital provided Nguyen and Thy Nguyen with spreadsheets showing Lam's purported trading results.

39. The monthly statements falsely reported large trading profits and substantial balances vastly overstating Lam's actual trading performance and account balances. Lam and NineSquare's trading for MSI resulted in almost total losses of the MSI money used to trade securities.

C. **Lam and NineSquare Capital's Trading and Misuse of the MSI Investors' Money**

40. Lam and NineSquare Capital caused the MSI investors' money to principally be deposited into NineSquare Capital bank accounts. Lam and NineSquare Capital then pooled the MSI investors' money, commingled it with money derived from other sources, and transferred the commingled money to various

personal and business bank account controlled by Lam.

41. Lam and NineSquare Capital transferred less than 60% of the money raised from investors to his personal brokerage account at an offshore broker-dealer, where Lam and NineSquare Capital then used the money to trade securities.

42. Lam and NineSquare Capital's securities trading for MSI in Lam's personal offshore brokerage account consistently resulted in almost total losses of the MSI investor money transferred into the account as demonstrated in the graph below:



43. As a result of his unprofitable trading, Lam's personal offshore brokerage account consistently had relatively small and even negative account balances as shown on the graph above.

44. Lam and NineSquare Capital also misappropriated about 40% of the MSI investors' money.

45. For example, Lam and NineSquare Capital used the MSI investors' money to benefit themselves, including making over $1 million in payments on Lam's, and his wife Lu's, credit cards.

46. Lam also used $350,000 of MSI investor money to pay part of the down payment for a $3.5 million home that he and Lu reside in, and that is titled in Lu's name.

### D. Ponzi-like Payments

47. Lam and NineSquare Capital also used at least some funds to pay purported returns on previously issued securities.

48. For example, despite enormous trading losses of investor funds, Lam and NineSquare Capital caused Ponzi-like payments to be paid to at least five investors—these investors had invested a total of $296,000, but received $517,600 in redemptions.

### E. The End of the MSI Offering

49. In late November 2021, Lam and NineSquare Capital sent Nguyen and Thy Nguyen the last spreadsheet of Lam's purported securities trading for October 2021.

50. In or around late 2021, Lam stopped participating in the Money Smarts classes, and Nguyen ceased offering the classes when Lam became unavailable.

51. Around the same time, Lam began telling Nguyen that he could not withdraw money from his accounts to honor investor redemption requests.

52. Subsequently, Nguyen stopped holding Money Smarts classes and the MSI investment offering ceased.

53. Investors in MSI have not received reports on their investment since the October 2021 statement.

54. By the end of January 2022, Lam had dissipated all of the MSI investors' money through trading losses and misappropriation.

55. At the end of January 2022, Lam's offshore brokerage account that had received over $6 million in MSI investor money had a negative balance of ($1,256.47). At the same time, Lam and NineSquare Capital's bank accounts held less than $3,000.

### F. Lam and NineSquare Capital's False and Misleading Statements in the Offer and Sale of the MSI Investment Interests

56. Lam and NineSquare Capital made false and misleading statements to

8

MSI investors regarding the use of the invested money.

57. In the MSI offering documents provided to investors during the offering, Lam represented to MSI investors that their money would be used to purchase securities issued by NineSquare Investment, a purported hedge fund. This was false and misleading because Lam and NineSquare Capital did not invest in any securities issued by NineSquare Investment and instead used less than 60% of the invested money to day-trade securities in Lam's personal offshore brokerage account.

58. In the Money Smarts classes from March 2020 to at least October 2021, Lam and NineSquare Capital also represented to MSI investors that their money would be used to day-trade securities. This was false and misleading because Lam and NineSquare Capital used less than 60% of the invested money to day-trade securities in Lam's personal offshore brokerage account, and misused and misappropriated the rest of the approximately 40% of the invested money to benefit themselves and Lu, and to make Ponzi-like payments to five MSI investors.

59. Lam and NineSquare Capital also made false and misleading statements regarding the profitability of the MSI investment to the MSI investors, many of whom made additional MSI investments.

60. In Money Smarts classes from March 2020 through at least October 2021, Lam and NineSquare Capital told MSI investors that their securities day-trading was profitable every month, including a 100% return for March 2020.

61. In account statements for the months from at least November 2020 to October 2021, Lam and NineSquare Capital reported to MSI investors monthly positive returns ranging from 1.24% and 9.44%, with only October 2021 having a negative return of 2.08%.

62. These statements were false. In fact, undisclosed to investors, Lam and NineSquare Capital's trading for MSI resulted in almost total losses of MSI money used to trade securities.

9

### G. Materiality

63. Lam's false and misleading statements concerned material information.

64. A reasonable investor would have considered it important that Lam and NineSquare Capital only used less than 60% of their money to engage in trading, lost almost all of their money engaging in that trading, misappropriated investor funds, and had disseminated false monthly account statements showing fictitious investment returns to conceal their fraud.

### H. Defendants Lam and NineSquare Capital Acted With Scienter and Their Conduct Was Negligent

65. Lam acted with scienter and with negligence in committing the fraud.

66. Lam, and through NineSquare Capital, controlled the investors' money and the securities trading. He knew or was reckless in not knowing that he was misappropriating investor money, incurring near total losses from securities trading, causing false account statements to be issued, and causing Ponzi-like payments to be made. Despite this knowledge, for over a year and a half he continued to raise money from new and existing investors by telling them that he was profitably trading for them through the Money Smarts classes and in the periodic account statements. In addition, Lam's fraudulent conduct detailed above was negligent because he clearly acted unreasonably in defrauding MSI investors.

67. As a principal of NineSquare Capital, Lam's scienter and negligence can be imputed to it.

### I. Nguyen and NGL's Broker-Dealer Activities

68. Nguyen and NGL actively solicited people to invest in the MSI offering through the Money Smarts classes which were promoted on the Internet.

69. Nguyen and NGL also played a role in receiving MSI investors' money and paying investors' redemption requests.

70. For example, $335,500 in MSI investments from four investors were deposited into NGL's bank accounts controlled by Nguyen. In these cases, Nguyen

10

forwarded the money to Lam, or he kept the investor's money, in which case MSI's books showed a redemption by Nguyen and a new investment by the investor for the amount invested.

71.   Nguyen and NGL also paid $706,000 to 12 MSI investors who had requested redemptions from their accounts. In these cases, Nguyen had received money from Lam to pay the redemption or Nguyen paid it from NGL's account, in which case MSI's books showed a redemption by the investor and a new investment by Nguyen for the amount redeemed.

72.   Nguyen received substantial sums for his involvement in the MSI offering. He received transaction-based compensation in the form of 5% of new investments, as well as 40% to 70% of NineSquare Capital's share of the purported investment profits.

73.   Nguyen received this compensation through credits to his MSI investment account. In total, Nguyen's MSI investment account increased by $525,000 for his 5% of new investor investments and by $2.23 million for his share of the NineSquare Capital's split of the purported investment profits.

74.   According to MSI account records, by the end of October 2021 (the last month for which such records exist), Nguyen's investment account showed a purported balance of almost $3.16 million and redemptions totaling almost $1.43 million.

75.   Of the $1.43 million in redemptions, $800,000 was used as the down payment on Nguyen and Thy Nguyen's residence, a $3.7 million house purchased in Thy Nguyen's name.

76.   Nguyen and NGL received payments totaling $2.06 million from Lam, NineSquare Capital, and other entities controlled by them. The $2.06 million includes the $800,000 used to purchase the residence owned in Thy Nguyen's name.

# FIRST CLAIM FOR RELIEF

## Fraud in the Offer or Sale of Securities

## Violations of Section 17(a) of the Securities Act

### (Against Lam and NineSquare Capital)

77. The SEC realleges and incorporates by reference paragraphs 1 through 76 above.

78. In the offer or sale of securities, Defendants Lam and NineSquare Capital made false and misleading statements to investors and prospective investors concerning (a) their use of investors' money; and (b) the profitability of their trading with the investors' money.

79. In addition, Defendants Lam and NineSquare Capital engaged in a scheme to defraud whereby they defrauded investors by (a) making and/or disseminating false and misleading statements; (b) misappropriating investors' money to benefit themselves; and (c) making Ponzi-like payments to some investors.

80. By engaging in the conduct described above, Defendants Lam and NineSquare Capital, directly or indirectly, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails (a) employed devices, schemes, or artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

81. Defendants Lam and NineSquare Capital, with scienter, obtained money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading. In addition, Defendants Lam and NineSquare Capital acted unreasonably and with negligence.

82. Defendant NineSquare Capital acted entirely through Defendant Lam's knowledge, recklessness and/or negligence, which may be imputed to Defendant NineSquare Capital.

83. By reason of the foregoing, Defendants Lam and NineSquare Capital violated, and unless restrained and enjoined will continue to violate, Sections 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF

**Fraud in Connection with the Purchase or Sale of Securities**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

**(Against Lam and NineSquare Capital)**

84. The SEC realleges and incorporates by reference paragraphs 1 through 76 above.

85. In connection with the purchase or sale of securities, as set forth above, Defendants Lam and NineSquare Capital, acting with scienter, made false and misleading statements to investors and prospective investors concerning (a) their use and misappropriation of investors' money; and (b) the profitability of their day-trading with the investors' money.

86. In addition, Defendants Lam and NineSquare Capital engaged in a scheme to defraud whereby they defrauded investors by (a) making and/or disseminating false and misleading statements; (b) misappropriating investors' money to benefit themselves; and (c) making Ponzi-like payments to some investors.

87. By engaging in the conduct described above, Defendants Lam and NineSquare Capital, directly or indirectly, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce, or the mails, employed devices, schemes, or artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and engaged in acts, practices, or courses of business which operated or

1 would operate as a fraud or deceit upon other persons, including purchasers and
2 sellers of securities.

3      88.    Defendant NineSquare Capital acted entirely through Defendant Lam's knowledge and/or recklessness, which may be imputed to Defendant NineSquare Capital.

6      89.    By reason of the foregoing, Defendants Lam and NineSquare Capital violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## THIRD CLAIM FOR RELIEF

**Fraud Involving a Pooled Investment Vehicle**

**Violations of Section 206(4) of the Advisers Act and**

**Rule 206(4)-8(a)(1) and 206(4)-8(a)(2)**

**(against Defendants Lam and NineSquare Capital)**

15      90.    The SEC realleges and incorporates by reference paragraphs 1 through 76 above.

17      91.    Defendants Lam and NineSquare Capital held MSI out as a pooled investment vehicle.

19      92.    Defendants Lam and NineSquare Capital defrauded prospective and actual MSI investors by: (a) making false and misleading statements concerning their use and misappropriation of investors' money and the profitability of their trading with the investors' money; (b) misappropriating investors' money; and (c) making Ponzi-like payments to some investors.

24      93.    By engaging in the conduct described above, Defendants Lam and NineSquare Capital, while acting as investment advisers to a pooled investment vehicle, directly or indirectly, by use of the mails or means or instrumentalities of interstate commerce: (a) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the

circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or (b) engaged in acts, practices, or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

94. Defendants Lam and NineSquare Capital knew, or were reckless or negligent in not knowing, that they (a) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; and (b) engaged in acts, practices, or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

95. By engaging in the conduct described above, Defendants Lam and NineSquare Capital violated, and unless restrained and enjoined, are reasonably likely to continue to violate, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rules 206(4)-8(a)(1) and 8(a)(2) thereunder [17 C.F.R. §§ 275.206(4)-8(a)(1) & 275.206(4)-8(a)(2)].

## FOURTH CLAIM FOR RELIEF

**Unregistered Offer and Sale of Securities**

**Violations of Sections 5(a) and 5(c) of the Securities Act**

**(Against All Defendants)**

96. The SEC realleges and incorporates by reference paragraphs 1 through 76 above.

97. The MSI offering involved the offering of securities in the form of investment contracts.

98. The MSI offering was not registered with the SEC.

99. Defendants Lam, NineSquare Capital, Nguyen, and NGL, directly and indirectly, offered and sold the MSI investment interests, and were necessary participants and substantial factors in the MSI offering and the sale of the MSI

investment interests by, among other things, made presentations to and communicated directly with investors about MSI investment interests and the merits of investing in the MSI offering and received proceeds from the MSI offering.

100. MSI investors were located in multiple states.

101. Defendants Lam, NineSquare Capital, Nguyen, and NGL conducted the offering through the Internet and by mail.

102. By virtue of the foregoing, (a) without a registration statement in effect as to that security, Defendants Lam, NineSquare Capital, Nguyen, and NGL, directly and indirectly, made use of the means and instruments of transportation or communications in interstate commerce and of the mails to sell securities through the use of means of a prospectus, and (b) made use of the means and instruments of transportation or communication in interstate commerce and of the mails to offer to sell through the use of a prospectus, securities as to which no registration statement had been filed.

103. By reason of the foregoing, Defendants Lam, NineSquare Capital, Nguyen, and NGL directly or indirectly violated, and unless restrained and enjoined, will continue to violate, Section 5 of the Securities Act [15 U.S.C. § 77e].

### FIFTH CLAIM FOR RELIEF
### Unregistered Broker-Dealer
### Violation of Section 15(a) of the Exchange Act
### (Against Defendants Nguyen and NGL)

104. The SEC realleges and incorporates by reference paragraphs 1 through 76 above.

105. As alleged above, Nguyen and NGL acted as unregistered broker-dealers because they each actively solicited investors, made recommendations and other representations about the merits of investing in the MSI offering, and received transaction-based compensation for new investments in the MSI offering.

106. By engaging in the conduct described above, Nguyen and NGL made

use of the mails and means or instrumentalities of interstate commerce to effect transactions in, and induced and attempted to induce the purchase or sale of, securities without being registered with the SEC in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

107. By engaging in the conduct described above, Nguyen and NGL violated, and unless restrained and enjoined, are reasonably likely to continue to violate, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

## **PRAYER FOR RELIEF**

WHEREFORE, the SEC respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that Defendants Lam, NineSquare Capital, Nguyen, and NGL committed the alleged violations.

### II.

Issue judgments, in forms consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently enjoining Defendants Lam and NineSquare Capital, and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rules 206(4)-8(a)(1) and 8(a)(2) thereunder [17 C.F.R. §§ 275.206(4)-8(a)(1) & 275.206(4)-8(a)(2)].

### III.

Issue judgments, in forms consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently enjoining Defendants Lam, NineSquare Capital, Nguyen, and NGL and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from

violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77e(c)].

### IV.

Issue judgments, in forms consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently enjoining Defendants Nguyen and NGL and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

### V.

Issue an order permanently enjoining Defendants Lam and Nguyen from directly or indirectly, including, but not limited to, through any entity owned or controlled by either or both of them, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer; provided, however, that such injunction shall not prevent Lam or Nguyen from purchasing or selling securities for his own personal account.

### VI.

Order Defendants Lam, NineSquare Capital, Nguyen, and NGL to disgorge all funds received from their illegal conduct, together with prejudgment interest thereon, pursuant to Exchange Act Sections 21(d)(5) and 21(d)(7) [15 U.S.C. §§ 78u(d)(5) and 78u(d)(7)].

### VII.

Order Relief Defendants to disgorge ill-gotten gains to which they are not entitled, together with prejudgment interest thereon.

### VIII.

Order Defendants Lam, NineSquare Capital, Nguyen, and NGL to pay civil penalties under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

**IX.**

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**X.**

Grant such other and further relief as this Court may determine to be just and necessary.

Dated:  September 22, 2022

*/s/ Kathryn C. Wanner*
Kathryn C. Wanner
Kelly C. Bowers
Attorneys for Plaintiff
Securities and Exchange Commission