**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN LAM; NINESQUARE CAPITAL PARTNERS LLC; NATHAN NHAN NGUYEN; and NGUYEN GROUP LLC,<br><br>    Defendants,<br><br>    and<br><br>YI PING LU; and THY STACY NGUYEN<br><br>    Relief Defendants. | Case No. 2:22-cv-06831-MEMF-E<br><br>**JUDGMENT AS TO RELIEF DEFENDANT THY STACY NGUYEN [ECF NO. 30]** |

/ / /

/ / /

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Thy Stacy Nguyen ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph II); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant shall pay disgorgement of ill-gotten gains and prejudgment interest thereon.  The Court shall determine the amounts of the disgorgement upon motion of the Commission.  Prejudgment interest shall be calculated from March 1, 2020, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement, and at any hearing held on such a motion: (a) Relief Defendant will be precluded from arguing that she did not violate the federal securities laws as alleged in the Complaint; (b) Relief Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement or prejudgment interest due by Relief Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this

proceeding, is a debt for the violation by Relief Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: March 21, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

2