# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN LAM; NINESQUARE CAPITAL PARTNERS LLC; NATHAN NHAN NGUYEN; and NGUYEN GROUP LLC,<br><br>　　　　Defendants,<br><br>　　and<br><br>YI PING LU; and THY STACY NGUYEN<br><br>　　　　Relief Defendants. | Case No. 2:22-cv-06831-WLH-E<br><br>**JUDGMENT AS TO DEFENDANT NINESQUARE CAPITAL PARTNERS LLC** |

1  This matter came before the Court on the Plaintiff Securities and Exchange
2  Commission's ("SEC") Motion for Default Judgment against NineSquare Capital
3  Partners LLC ("NineSquare") and Nguyen Group LLC ("NGL").  The Court having
4  considered the SEC's Complaint, the Motion, the supporting Memorandum of Points
5  and Authorities, the supporting declaration, and the other evidence and argument
6  presented to the Court, finds that:

**I.**

8  IT IS HEREBY ORDERED that the SEC's Motion for Default Judgment
9  against NineSquare is GRANTED.

**II.**

11  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
12  NineSquare is permanently restrained and enjoined from violating, directly
13  or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange
14  Act"). 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, in
15  connection with the purchase or sale of any security, by using any means or
16  instrumentality of interstate commerce, or of the mails, or of any facility of any
17  national securities exchange:

18  (a) to employ any device, scheme, or artifice to defraud; or
19  (b) to engage in any transaction, practice, or course of business which
20  operates or would operate as a fraud or deceit upon the purchaser.

21  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
22  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
23  binds the following who receive actual notice of this Judgment by personal service or
24  otherwise:  (a) NineSquare's officers, agents, servants, employees, and attorneys; and
25  (b) other persons in active concert or participation with NineSquare or with anyone
26  described in (a).
27  ///
28  ///

**III.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that NineSquare is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) NineSquare's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with NineSquare or with anyone described in (a).

**IV.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that NineSquare is permanently restrained and enjoined from directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

    (a)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    (b)    engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

in violation of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(4)] and Rules 206(4)-8(a)(1) and 8(a)(2) thereunder [17 C.F.R. §§ 275.206(4)-8(a)(1) & 275.206(4)-8(a)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) NineSquare's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with NineSquare or with anyone described in (a).

## V.

It Is HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that NineSquare is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise

any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant NineSquare's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant NineSquare or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that NineSquare shall pay disgorgement jointly and severally with co-defendant Brian Lam in an amount to be determined by the Court following an omnibus remedies motion by the SEC.

NineSquare shall also pay a civil penalty in an amount to be determined by the Court following the omnibus remedies motion by the SEC to determine the specific penalty amount.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

///
///
///
///
///

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**IT IS SO ORDERED**.

Dated: March 22, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Kathryn C. Wanner*
Kathryn C. Wanner
Attorney for Plaintiff
Securities and Exchange Commission