# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN LAM; NINESQUARE CAPITAL PARTNERS LLC; NATHAN NHAN NGUYEN; and NGUYEN GROUP LLC,<br><br>        Defendants,<br><br>    and<br><br>YI PING LU; and THY STACY NGUYEN<br><br>        Relief Defendants. | Case No. 2:22-cv-06831-WLH-E<br><br>**JUDGMENT AS TO DEFENDANT NGUYEN GROUP LLC** |

This matter came before the Court on the Plaintiff Securities and Exchange Commission's ("SEC") Motion for Default Judgment against NineSquare Capital Partners LLC ("NineSquare") and Nguyen Group LLC ("NGL"). The Court having considered the SEC's Complaint, the Motion, the supporting Memorandum of Points and Authorities, the supporting declaration, and the other evidence and argument presented to the Court, finds that:

## I.

IT IS HEREBY ORDERED that the SEC's Motion for Default Judgment against NGL is GRANTED.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that NGL is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of

the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) NGL's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with NGL or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that NGL is permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)] ("Exchange Act"), in connection with the purchase or sale of a security, by the use of means or instrumentalities or interstate commerce, of the mails, or of the facilities of a national securities exchange, directly or indirectly effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities without being registered with the SEC, or affiliated with a broker-dealer registered with the SEC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) NGL's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with NGL or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that NGL shall pay disgorgement jointly and severally with co-defendant Nathan Nguyen in an amount to be determined by the Court following an omnibus remedies motion by the SEC.

NGL shall also pay a civil penalty in an amount to be determined by the Court following an omnibus remedies motion by the SEC to determine the specific penalty amount.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**IT IS SO ORDERED**.

Dated: March 22, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Kathryn C. Wanner*
Kathryn C. Wanner
Attorney for Plaintiff
Securities and Exchange Commission